# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP, AND MOBILESTAR TECHNOLOGIES LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>ASUSTEK COMPUTER, INC. AND ASUS COMPUTER INTERNATIONAL,<br><br>        Defendants. | Civil Action No. 2:13-cv-894<br><br>**JURY TRIAL DEMANDED** |

## ASUS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6), 12(b)(1) AND 12(f) AND TO STRIKE PORTIONS THEREOF

I.  INTRODUCTION

Defendants ASUSTek Computer, Inc. ("ASUSTek") and ASUS Computer International ("ACI") (collectively "Defendants" or "ASUS"), respectfully move this Court to dismiss Plaintiffs' Complaint and hereby joins in and adopts the arguments and relief requested in the Motion to Dismiss filed by the Samsung Defendants in one of the related cases.[1] Specifically, ASUS joins in the Rule 12(b)(6) to dismiss Plaintiffs' Complaint[2] on the grounds that it fails to state a claim for infringement of claim 5 of U.S. Patent No. 6,463,131 ("the '131 Patent") because the claim is directed to patent-ineligible subject matter under 35 U.S.C. § 101 and in the Rule 12(b)(1) on the grounds that Plaintiff Mobilestar Technologies LLC, ("MobileStar") lacked standing at the time Plaintiffs filed the Complaint, thereby depriving this Court of subject matter jurisdiction over this action.

In addition to these arguments, ASUS moves to dismiss Plaintiffs' complaint per Rule 12(b)(6) on the grounds that the Complaint fails to state a claim for willful infringement of U.S. Patent No. 5,838,551 ("the '551 patent") because Plaintiffs fail to allege any facts establishing that ASUS was provided pre-suit notice of that patent.

ASUS also moves, per Rule 12(f), to strike unsupported allegations of ASUS having notice of an unidentified patent referred to as "the '973 patent" in the Complaint against ASUS and Plaintiffs' request for a permanent injunction preventing the further infringement of that patent. Alternatively, ASUS, pursuant to Rule 12(b)(6), also seeks to dismiss any claim of infringement that could be extrapolated from such sparse allegations.

II.  FACTUAL AND PROCEDURAL BACKGROUND

A.  **Plaintiffs Rockstar Consortium US LP and MobileStar LLC.**

In order to reduce duplicative briefing and for judicial efficiency, ASUS hereby joins, adopts and incorporates by reference the factual background in Samsung's Motion to Dismiss

---

[1] *Rockstar v. Samsung*, No. 13-cv-0900-JRG, Dkt. No. 26.

[2] Dkt. No. 1.

1

filed on February 10, 2014. *Rockstar v. Samsung*, No. 13-cv-0900-JRG, Dkt. No. 26 at pp. 1-4.

**B.     Plaintiffs' Allegations Against ASUS Relating to Claim 1 of the '551 Patent.**

Plaintiffs allege that "ASUS makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these products and thus directly infringes" claim 1 of the '551 Patent. Complaint, ¶¶ 14, 17. Rockstar alleges that ASUS infringes claim 1 by including "at least one electronic package comprising a component that is located between an EMI shield and a ground member for performing shielding operations. The EMI shield is incorporated into the electronic package, which is then mounted to a circuit board in ASUS Mobile Communication Devices…." *Id*. at ¶ 22.

Plaintiffs do not, however, allege **any facts** establishing that ASUS had actual knowledge of the '551 Patent prior to the filing of the Complaint. Rather, Plaintiffs allege that "ASUS had actual notice of the '551 patent at least as of the date this lawsuit was filed." *Id*. at ¶¶ 18, 21.[3]

In support of its indirect infringement claims, Plaintiffs allege that "ASUS indirectly infringes the '551 Patent by contributing to infringement by others, such as resellers and end-use customers, in accordance with 35 U.S.C. § 271(c)" and that "direct infringement is the result of activities performed by the manufacturers, resellers, and/or end-users of the ASUS Mobile Communication Devices." Complaint, ¶ 21. Plaintiffs again do not allege facts establishing that ASUS had actual knowledge of the '551 Patent prior to the filing of the Complaint. *See id*.

Nonetheless, Plaintiffs allege that ASUS has willfully infringed the '551 patent, and as a result, seeks a judgment of willful infringement and treble damages. Complaint, ¶ 101 and p. 36 at ¶¶ 14, 16. Plaintiffs further seek "[a] ruling that this case be found to be exceptional under 35 U.S.C. § 285: and a judgment awarding Plaintiffs their attorneys' fees and costs incurred in prosecuting this action. *Id*. and p. 36 at ¶¶ 15, 17.

---

[3] In contrast, Plaintiffs make specific allegations about ASUS's purported pre-suit knowledge of the other asserted patents. *See e.g.* Complaint [Dkt. No. 1] ¶¶ 28, 33, 37 ('937 patent); ¶¶ 44,49, 52 ('298 Patent); ¶¶ 59, 64, 67 ('131 Patent); ¶¶ 74, 79, 82 ('591 patent); ¶¶ 90, 93 ('572 patent).

### C. Plaintiffs' Allegations Relating to the '973 Patent.

Plaintiffs specifically identify six patents in the Complaint by their title, full number and date of issuance and purport to alleged infringement thereof. *See, e.g.,* Complaint, ¶¶ 8-14, 16-99. Yet, in Paragraph 100, Plaintiffs mention a seventh patent, which is described as "the '973 patent," and then in Paragraph 10 of the Prayer for Relief, seeks permanent injunctive relief for ASUS' alleged infringement of that patent. Absent from the Complaint are any allegations identifying the full patent number, date of issuance and facts purporting to establish ASUS' alleged infringement of that patent all of which leaves ASUS to guess of what alleged wrongdoing it is being accused.

## III. LEGAL STANDARD.

### A. Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f).

ASUS believes that Samsung, in its motion, properly recited the legal standard for Rule 12(b)(1) and 12(b)(6) motions and thus joins and incorporates by reference Samsung's argument. *See Rockstar v. Samsung,* 13-cv-0900; Dkt. No. 26 at pp. 4-6.

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Civ. P. R. 12(f). While not generally favored, motions to strike "should be granted when the allegations to be stricken have no possible relation to the controversy." *Hawkins v. Montague County, Tex.*, 2010 WL 451464, *4 (N.D. Tex. Nov. 1, 2010) (*citing Augustus v. Bd. of Pub. Instruction of Escambia Co.*, 306 F.2d 862, 868 (5th Cir.1962)). Pursuant to Rule 12(f), a defendant may also challenge an improper claim for relief. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 fn. 34 (C.D. Cal. 1996) ("a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law").

## IV. ARGUMENT

### A. The Court Should Dismiss Plaintiffs' Claims Based on Claim 5 of the '131 Patent for Failure to State a Claim and Other Claims for Lack of Standing.

In the interest of judicial economy and to avoid duplicative briefing, ASUS adopts, joins

3

in and incorporates by reference the Samsung Defendants' arguments and requests the same relief as stated in Samsung's Motion to Dismiss. *See Rockstar v. Samsung,* 13-cv-0900; Dkt. No. 26 at pp. 7-16.

### B. Plaintiffs Fail to Plead Sufficient Facts to Establish Willful Infringement of the '551 Patent Against ASUS.

To succeed on a claim for willful infringement, Plaintiffs must demonstrate infringement, as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). The Federal Circuit has instructed that under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. *Id.* at 1371. Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Id.* at 1374. In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of Rules 8(a) and 11(b) at the time the original complaint is filed. *Id.*

Absent additional allegations, courts in this District have held under *Seagate* that without sufficient allegations of pre-suit notice, the filing of an infringement suit alone is insufficient to give rise to a willful infringement claim. *InMotion Imagery Technologies v. Brain Damage Films*, No. 2:11–CV–414–JRG, 2012 WL 3283371, *3-4 (E.D. Tex. Aug. 10, 2012) (granting motion to dismiss willful infringement claim where plaintiff merely alleged that the defendant had actual notice of the patent-in-suit "at least as of the time of the filing of this lawsuit"); *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11–CV–294–JRG–RSP, 2013 WL 693955, *3 (E.D. Tex. Jan. 2013), *report and recommendation adopted*, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (dismissing willful infringement claim with leave to amend as patentee's barebones assertion that the accused infringer willfully committed its infringing acts was not sufficient); *Blue Spike, LLC V. Texas Instruments, Inc.*, Case 6:12-cv-00499-MHS, Dkt. No.

1006 (E.D. Tex. Sept. 27, 2013) (holding that "[a]bsent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim").[4]

Here, Plaintiffs do not allege the elements, let alone the necessary facts required by *Seagate*. Rather, they simply allege that "ASUS had actual notice of the '551 patent at least as of the date this lawsuit was filed." Complaint, ¶¶ 18, 21. Absent from the complaint are ***any*** particular facts that demonstrate that ACI or ASUSTek had actual knowledge of the '551 Patent prior to Plaintiffs filing suit. It is also implausible that Plaintiffs provided pre-suit notice of the '551 Patent to either defendant given that Plaintiffs specifically allege the manner in which it provided pre-suit notice and the specific dates it provided such notice for each of the other six asserted patents. *See, e.g.,* Complaint, ¶¶ 28, 33, 37, 44, 49, 52, 59, 64, 67, 74, 79, 82, 90, 93.

Moreover, before Plaintiffs are permitted discovery concerning the willfulness of ASUS's alleged infringement of the '551 patent, they must allege facts showing that their claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Since Plaintiffs have not even tried to meet this standard, the Court should dismiss its claim for willful infringement of the '551 patent. *See Seagate*, 497 F.3d at 1371, 1374; *see also Realtime Data, LLC v. Morgan Stanley*, 721 F.Supp.2d 538, 545 (E.D. Tex. 2010) (granting of accused infringer's motion to dismiss the patentee's claims for willful infringement where the allegation merely reserved the right to allege willful infringement should discovery later support

---

[4] Courts in other districts have reached similar conclusions. *See, e.g., NETGEAR Inc. v. Ruckus Wireless Inc.*, No. 10–999–SLR, 2013 WL 1124036, *1 (D. Del. Mar. 14, 2013) (dismissing willful infringement claim since the patentee could not plead any pre-suit knowledge of the patent by the accused infringer); *Pacing Technologies, LLC v. Garmin Intern., Inc.*, No. 12–CV–1067 BEN (WMC), 2013 WL 444642, *3-*4 (S.D. Cal. Feb. 5, 2013) (dismissing willful infringement claim because patentee failed to plead adequate facts to show pre-suit knowledge of the patent and had not moved for a preliminary injunction to stop any post suit conduct); *Radware, Ltd. v. A10 Networks, Inc.*, No. C–13–02021–RMW, 2013 WL 5373305, *6-7 (N.D. Cal. Sept. 24, 2013) (granting motion to dismiss willful infringement claim where patentee failed to plead facts showing actual pre-suit knowledge of the patent)

such a claim).

### C. The Court Should Strike Unsupported Allegations and Claims for Relief Referring to the phantom "'973 Patent."

In addition to the pleading deficiencies discussed above, Paragraph 100 of Rockstar's Complaint includes an unsupported allegation of ASUS having notice of "the '973 patent," and in Paragraph 10 of the Prayer for Relief, Plaintiffs seek permanent injunctive relief for that patent's alleged infringement. Because Rockstar has neither properly identified the '973 Patent or alleged any acts of infringement, pursuant to Rule 12(f) the Court should strike allegations relating to that patent and request for injunctive relief as they are immaterial and have "no possible relation to the controversy." *See Hawkins*, 2010 WL 451464, *4. Alternatively, the Court should dismiss any purported claim of infringement of "the '973 patent" under Rule 12(b)(6) as there are insufficient facts to put ASUS on fair notice of any infringement of that unidentified patent.

### V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court (1) dismiss the allegation of willful infringement of claim 1 of the '551 patent because it fails to allege any facts establishing that pre-suit notice of that patent was provided to ASUS; (2) dismiss with prejudice claim 5 of the '131 patent for failure to comply with 35 U.S.C. § 101; (3) strike unsupported allegations relating to the phantom '973 patent and/or dismiss any possible claims based thereon; and (4) dismiss the remainder of Plaintiffs' Complaint due to MobileStar's lack of standing to file Plaintiffs' original complaint.

Dated: February 13, 2014                    Respectfully submitted,

                                            */s/ Harold H. Davis*
                                            *Attorneys for Defendants ASUStek Computer, Inc.*
                                            *and ASUS Computer International*

                                            Harold H. Davis, Jr., *Lead Attorney*
                                            California Bar No. 235552 (admitted in E.D. Tex.)
                                            harold.davis@klgates.com

Rachel Maire (to be admitted Pro Hac Vice)
California Bar No. 292952
 rachel.maire@klgates.com

K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, CA 94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

Steven G. Schortgen
Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Jennifer Klein Ayers
 Texas State Bar No. 24069322
  jennifer.ayers@klgates.com

K&L GATES LLP
1717 Main St.
Suite 2800
Dallas, Texas  75201
214.939.5500
214.939.5849 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Harold H. Davis*