# Exhibit B

Plaintiffs Rockstar Consortium US LP and MobileStar Technologies LLC's Briefing in Support of Entry of a Discovery Order

**Discovery Order**

1. **Depositions.** Defendants stated in the meet and confer that they sought to be limited only by Federal Rules regarding depositions and requests for admission, then later requested to be limited two 100 hours per side for depositions with no limits on third party depositions, with a three-hour minimum "charge" to be counted against a party taking a deposition of less than three hours. The Defendants' position is unreasonable and unworkable, allowing Plaintiffs only 14 hours of depositions per Defendant Affiliate Group (and much less on average per Defendant). The Defendants' request for unlimited third party depositions is also unreasonable. The Plaintiffs propose utilizing a structure for discovery already agreed to by several of the Defendants in the ContentGuard Holdings case that provides balanced number of deposition hours across the parties and provides all parties with the necessary individual discovery while limiting possible abuse of the discovery process. Further, the balancing structure of the deposition hours is the same structure that Defendants have already agreed to with respect to interrogatories and requests for admission. Further, Plaintiffs propose 100 hours of third party depositions for Defendants collectively and 50 hours collectively for Plaintiffs. This time is not calculated against inventor testimony or experts and is more than sufficient to meet the discovery needs of the parties.

2. **Authenticity of Documents**. Plaintiffs have requested two stipulations, on Authenticity of Documents and Opinion of Fact witnesses, that Defendants do not agree to. Plaintiffs believe that an agreement regarding the authenticity of documents is fair and necessary to prevent unnecessary discovery disputes on documents that meet the strict criteria. Defendants expressed in meet and confer that although they acknowledge this is likely to

be agreed to in the future, they believe it is premature to agree to prior to the start of discovery. Plaintiffs added a sentence allowing a producing party to challenge the authenticity of an otherwise authenticated document (based on the strict criteria of being in the possession of and authored by the producing party) to provide relief if a Defendant believes that a document it is producing may not be authentic.

3. **Opinion of Fact Witnesses**. Plaintiffs have requested a paragraph requiring that any witness, including fact witnesses, who intends to offer opinion testimony to be disclosed under 26(a)(2)(B) or (C) and Local Rule CV-2.  Defendants do not believe this stipulation is necessary in light of the Federal and Local rules.  To the contrary, this issue comes up frequently and causes numerous disputes in both deposition and trial when fact witnesses offer opinion testimony not previously disclosed. The requested provision forbids such testimony at trial, as it has a greater requirement than the Federal or Local rules, as it requires all fact witnesses (and not just expert witnesses) to provide a disclosure of their "opinions." A fact witness therefore is not allowed to testify regarding any opinion that is not timely disclosed under the rules and in an expert report or disclosure.

4. **Depositions of Inventors.** Defendants request a provision allowing an additional 7 hour day of deposition for inventors of more than one of the patents-in-suit.  The inventors are all third parties, and therefore may not be bound by agreement of the parties.  Therefore, the parties cannot stipulate to more than the rules allow for inventors (i.e., 7 hours per third party deponent). Plaintiffs are willing to address any requests by Defendants to seek additional deposition time of inventors on a case-by-case basis.