# Exhibit C

Defendants' Briefing in Support of Entry of a Docket Control Order and Discovery Order

**Discovery Order**

1. **Depositions.**

    Defendants contend that each Defendant Affiliate Group should get 100 hours for third party depositions to be shared collectively among the Defendants. There are fourteen inventors on the seven asserted patents and at least ten prosecuting attorneys, none of whom are current Rockstar employees. Deposing just these inventors and prosecuting attorneys will occupy well over the 75 hours Rockstar deems sufficient for third-party depositions, and will likely occupy at least 150-160 hours.

    Defendants will also be required to depose a large number of prior art witnesses, including depositions to find prior art, understand prior art, and authenticate prior art under the Rules of Evidence. The seven patents in this case have very little overlap, so prior art depositions must proceed on seven parallel tracks. It is common for one patent to require 5-10 prior art depositions; seven patents will require seven times as many.

    Finally, Defendants must take depositions of former Nortel employees and third parties involved in the Nortel auction. Rockstar has already indicated it will argue that he auction price for the entire Nortel portfolio reflects on the value of the patents-in-suit; to combat this allegation, Defendants must obtain testimony from the witnesses actually involved in the auction process. None of these witnesses work for Rockstar.

    Rockstar -- which has requested 700 deposition hours of Defendants' witnesses -- is asking the Court to impose an unfair asymmetry in deposition hours. Plaintiffs (which must prove infringement) are generally most concerned with party depositions, so they can explore the development of the accused functionality. Defendants (which must provide invalidity) are usually more concerned with non-party depositions, so they can

explore the development of the prior art. A division of deposition hours that provides more hours to party depositions than non-party depositions is thus fundamentally unfair, because it favors plaintiffs' interest in proving infringement and disfavors defendants' interest in proving invalidity. Here, Rockstar is proposing that it receive ten times the deposition hours for infringement over validity, 700 versus 75 hours.

2. **Authenticity of Documents.**

   Defendants do not agree to stipulate that documents produced by the authoring party are automatically deemed authentic. Because there is no agreement, this stipulation should not appear in this submission and its inclusion is contrary to the custom of this District. Defendants expect that a stipulation to that effect will likely be agreed upon eventually, but believe it is premature to make any agreement about the authenticity of documents until the documents at issue have been produced.

3. **Opinion of Fact Witnesses.**

   Defendants do not agree to this stipulation. Because there is no agreement, this stipulation should not appear in this submission and its inclusion is contrary to the custom of this District. Defendants believe the Federal and Local Rules should govern the disclosure of opinion testimony of fact witnesses.

4. **Depositions of Inventors.**

   Defendants do not agree to this stipulation. Because there is no agreement, this stipulation should not appear in this submission and its inclusion is contrary to the custom of this District. Defendants contend that they will require more than 7 hours of deposition time with inventors of more than one patent-in-suit.