# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP ET AL, <br><br> *Plaintiff* <br><br> v. <br><br> ASUSTEK COMPUTER, INC., ET AL <br><br> *Defendants* | § § § § § § § § § § § § § § CIVIL NO. 2:13-CV-00894-JRG <br><br> LEAD CASE |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the

case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

a) **Interrogatories:** Plaintiffs,[2] jointly, may serve up to twenty (20) common interrogatories on Defendants in this action, which each Defendant shall answer individually, and Plaintiffs, jointly, may serve an additional fifteen (15) individual interrogatories on each Defendant Affiliate Group[3] in this action. Each interrogatory served on each Defendant Affiliate Group will count as only one individual interrogatory. Defendants in this action, jointly, may serve up to twenty (20) common interrogatories on Plaintiffs, and each Defendant Affiliate Group in this action may serve an additional fifteen (15) individual interrogatories on Plaintiffs.

b) **Requests for Admission:** Plaintiffs, jointly, may serve up to twenty (20) common requests for admission as to all Defendants in this action, and an additional thirty (30) requests for admission separately on each Defendant Affiliate Group in this action. Defendants in this action, jointly, may serve up to twenty (20) common requests for admission on Plaintiffs, and each Defendant Affiliate Group in this action may serve an additional thirty (30) requests for admission on Plaintiffs. There is no limit on the number of request for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served

---

[2] For purposes of this paragraph, Plaintiffs shall mean Rockstar Consortium US LP and MobileStar Technologies LLC. Discovery limits in this paragraph shall apply jointly to the Plaintiffs as they do to Defendant Affiliate Groups.

[3] The Defendant Affiliate Groups consist of: (1) ASUSTeK Computer, Inc. and ASUS Computer International, Inc.; (2) HTC Corporation and HTC America, Inc.; (3) LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm USA Inc.; (4) Pantech Co., Ltd. and Pantech Wireless, Inc.; (5) Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC; (6) Google, Inc.; and (7) ZTE Corporation, ZTE (USA) Inc., and ZTE Solutions, Inc.

separately from any requests for admission subject to the numerical limitations stated above.

c) **Depositions:** For all depositions, other than expert depositions, Plaintiffs shall be allowed up to 100 hours to depose each single Defendant Affiliate Group, and each Defendant Affiliate Group in this action shall be allowed up to 100 hours. Deposition hours are not transferrable between Defendant Affiliate Groups for either Plaintiffs or Defendants (*i.e.*, unused hours relating to depositions by or of one Defendant Affiliate Group may not be used by either Plaintiffs or Defendants for depositions of or by a different Defendant Affiliate Group). These hour limits shall include the depositions of fact witnesses and Rule 30(b)(6) witnesses. In addition, Plaintiffs, jointly, and Defendants, jointly, shall be allowed up to a total of 350 hours each for third-party depositions

With respect to third party discovery, parties agree to produce documents to all counsel within seven (7) days of receipt of the documents from the third party. In addition, the parties agree to work with each other in scheduling third party depositions is scheduled at least seven (7) days after the party scheduling the deposition provides the other party with copies of any documents received from that third party. Except by agreement of the parties or as described in section 12(d) herein, all individual depositions shall be limited to seven hours in accordance with the Federal Rules of Civil Procedure, except that any deposition requiring the use of a translator shall be limited to ten (10) hours, only seven (7) hours of which will count against that party's total deposition time in this action.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains

information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

    (c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-

26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) **Production Of Materials Obtained Via Third-Party Subpoena.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within three (3) business days. Where reproduction of documents within three (3) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

    (b) **Depositions of Experts.** Depositions of experts shall be limited to one day of seven (7) hours, unless the parties agree to additional time or the expert has provided more than one expert report, in which case the expert may be deposed for an additional consecutive day of seven (7) hours for a total of up to fourteen (14) hours.

**(c) Depositions of Inventors.** Depositions of inventors of patents-in-suit shall be limited to one day of seven (7) hours, except as agreed otherwise or by order of this Court.

**(d) Privilege Logs.** Parties to this action and their subsidiaries need not log privileged communications transmitted after commencement of this action, or privileged documents created after commencement of this action.

(e) **Limitations on Expert Discovery.** The following communications and materials relating to expert witnesses and consultants retained by the Parties in this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (b) communications, whether written or oral, between or among any expert, consultant and/or counsel for the party retaining said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d) emails, lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf of any expert. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any expert, in any disclosure, expressly relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

(f) **FRE 502(d).** The parties agree that the production or disclosure of an attorney-client privileged, attorney work product, or other protected document or information medium (Protected Material) shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any other state or federal proceeding pursuant to Federal Rule of Evidence 502(d) regardless of the circumstances of disclosure. A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a receiving Party receives information that the receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving Party shall promptly identify the information to the Producing Party. When a Producing Party or receiving Party identifies such privileged or protected information, a receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request return to the Producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the Producing Party the destruction under 3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or receiving Party identifies the information, and not thereafter, the receiving Party may file a motion to compel the production of the information on the basis that:

(a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Action. The Producing Party and the receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no Party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

**So ORDERED and SIGNED this 6th day of May, 2014.**

```
_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE
```