**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ROCKSTAR CONSORTIUM US LP, AND MOBILESTAR TECHOLOGIES, LLC, §§§§ | |
| *Plaintiff*, § | |
| § | CASE NO. 2:13-CV-00894-JRG |
| *v.* § | |
| § | **LEAD CASE** |
| SAMSUNG ELECTRONICS CO., LTD., *et al.*, § | CASE NO. 2:13-CV-00900-JRG |
| *Defendants*. § | **MEMBER CASE** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Google, Inc.'s ("Google") and Samsung Electronics Co., Ltd.'s, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's (collectively, "Samsung") Motion to Stay or, in the Alternative, to Transfer to the Northern District of California (Dkt. No. 52), filed March 21, 2014. For the reasons set forth below, the Court finds that the motion should be **DENIED**.

## I.       BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Rockstar Consortium US LP, Inc. and Mobilestar Technologies, LLC are entities arising out of the demise of Nortel, a Canadian telecommunications company with a substantial patent portfolio. When Nortel confronted bankruptcy in 2011, it held an auction for its patents. Five major technology companies—Apple, Blackberry, Ericsson, Microsoft, and Sony—pooled their resources into Rockstar Bidco LP for the purpose of bidding on the Nortel patent portfolio (Dkt. No. 61-4). Rockstar Bidco LP outbid Google for the patents. *Id.* Rockstar

Bidco LP then transferred the patents in suit here to the Rockstar Consortium US LP, a Delaware limited partnership with its headquarters in Plano, Texas and one of the plaintiffs in this case. *Id.* Rockstar Consortium US LP subsequently created a wholly-owned subsidiary, MobileStar Technologies, LLC, to which it assigned five of the seven patents-in-suit (Dkt. No. 61-7). Meanwhile, Rockstar Consortium Inc. was formed as a vehicle to hire certain of Nortel's former employees. *Id.* Rockstar Consortium US LP contracts with Rockstar Consortium, Inc. for "intellectual-property-support services." *Id.*

Rockstar Consortium US LP, Inc. and Mobilestar Technologies, LLC (hereinafter, collectively, "Rockstar") filed this suit against Samsung on October 31, 2013, alleging that Samsung infringes seven of Rockstar's patents, accusing certain mobile phones using a version of Google's Android operating system (Dkt. No. 1). On the same day, Rockstar separately sued six other mobile phone manufacturers, again accusing Android-based phones.

On December 23, 2013, Google filed an action for declaratory relief in the United States Court for the Northern District of California (NDCA), seeking a judgment that the Android operating system does not infringe the patents at issue in this case. *Google Inc. v. Rockstar Consortium U.S. LP*, No. C-13-5933-CW (Dkt. No. 1). On December 31, 2013, Rockstar amended its complaint in this Court, accusing Google of violating three of the seven patents in suit (Dkt. No. 19). Rockstar has since requested leave to file a Second Amended Complaint accusing Google of infringing all seven of the patents in suit (Dkt. No. 45). On April 17th, 2014, the NDCA issued an opinion denying Rockstar's motion to dismiss, finding that the California action was the first filed between Rockstar and Google (5933 Dkt. No. 58).

In this motion, Google asks the Court to stay the case pending resolution of the NDCA suit. In the alternative, Google asks the Court to transfer this case to the NDCA.

## II.   <u>LEGAL STANDARDS</u>

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). In deciding whether to stay litigation, courts typically consider "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Id.*

When cases between the same parties present the same issues for resolution, the general rule favors the first-filed action. *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). However, "trial courts have discretion to make exceptions to this general rule in the interest of justice or expediency . . . . These exceptions are not rare." *Id.* Reasons such as "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest" may trump the general first-filed rule. *Genentech, Inc. v. Eli Lilly 7 Co.*, 998 F.2d 931, 937-39 (Fed. Cir. 1998).

28 U.S.C. section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

Once that threshold is met, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Nintendo*, 589 F.3d 1194,

1200 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

### III.   ANALYSIS

Defendants request a stay of these proceedings as their preferred relief. Because the considerations involved in a decision to stay closely mirror those involved in a decision to transfer, however, the Court will combine its discussion of these issues.

### A. Availability of the Transferee Venue

The parties do not appear to dispute that this suit could originally have been brought in the Northern District of California, and this Court agrees that the case could have been originally brought in that district. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).

B. <u>Private Interest Factors</u>

    *1.  Relative Ease of Access to Sources of Proof*

It is likely that the bulk of the relevant evidence in this action will come from Google. *See In re Genentech*, 566 F.3d at 1345. Google avers that "all relevant documants and evidence are [sic] accessible from Google's headquarters in the Northern District," but is pointedly silent on the physical location where said documents are stored (Dkt. No. 52-29). Samsung, in contrast, maintains a US headquarters in Richardson, Texas—within the Eastern District of Texas (Dkt. No. 62-7). Samsung also maintains a laboratory in Dallas, Texas; the Dallas office appears to be significantly involved in the development of the accused products (Dkt. No. 62-9). Moreover, Rockstar's documentary evidence relating to the patents-in-suit is stored at its Plano, TX headquarters—also within the Eastern District (Dkt. Nos. 61-4, 61-7). Though Google suggests that this evidence was transported to the Eastern District explicitly to game the Court's transfer analysis, the Court finds that such a conclusion is unwarranted given the evidence presented.

The evidence supports the conclusion that a substantial body of relevant evidence exists in or near the Eastern District of Texas. In contrast, it is unclear whether and how much relevant information actually exists within the Northern District of California. The Court thus finds that this factor weighs against transfer. The Court notes, however, that given the ease in the modern era of transferring electronic data from one place to another, this factor is not dominant in its ultimate decision.

    *2.  Availability of Compulsory Process*

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Similarly, the Court may

enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a); *Ingeniador, LLC v. Adobe Systems Inc.*, 2014 WL 105106, No. 2:12-cv-805-JRG (E.D. Tex. Jan. 9, 2014). Rule 45, however, makes compulsory process for deposition effectively nationwide. Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. *See Ingeniador*, *supra*. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

Google suggests that "former employees of Google and Andrioid Inc. remain heavily concentrated in the Northern District. At least one named inventor resides in the Northern District . . . and dozens of relevant prior artists of record live in the Northern District" (Dkt. No. 52, at 11). They also suggest that employees of Apple, one of Rockstar's corporate owners, may be compelled to testify in the Northern District.

Google does not, however, identify any former employees who are expected to testify at trial. Nor does this Court give particular credence to the assertion that prior artists will be called to testify; this Court has previously noted that "inventors of prior art rarely, if ever, actually testify at trial." *PersonalWeb Techs., LLC v. Target Brands, Inc.*, No. 6:11-cv-655-LED, Dkt. No. 74, at 15 n.13 (E.D. Tex. Mar. 21, 2013). Finally, though the Court views Google's asserted interest in Apple's testimony with some skepticism, it notes that other Rockstar parents—notably Ericsson and Blackberry—maintain U.S. headquarters in Texas (Dkt. Nos. 63-17, 63-18).

In contrast, Rockstar specifically identifies two prosecuting attorneys, two former Nortel employees, and one former Samsung employee in or near the Eastern District of Texas whom it suggests might be called to testify (Dkt. No. 61, at 11). It also suggests that Samsung customers

such as AT&T and Verizon might be called to prove damages. *Id.* The Court is not convinced that any of these witnesses will likely be called to testify, but their appearance in the case is certainly plausible.

Weighing all considerations of available compulsory process, the Court finds that this factor is neutral. One inventor's presence in the Northern District of California weighs in favor of transfer, but is counterbalanced by the presence of several potential nonparty witnesses in Texas.

### 3. *Cost of Attendance for Willing Witnesses*

A critical factor in this Court's analysis of this case is the cost of attendance for willing witnesses. As noted above, Google's headquarters is in Mountain View, California. Many of the Google employees who work on the Android operating system are located in or near the Northern District of California (Dkt. No. 52-29). Samsung is a Korean entity with its U.S. headquarters in the Eastern District of Texas; moreover, Samsung maintains a Dallas office that appears to do substantial work on its Android-based products (Dkt. No. 62-7, 62-9). Rockstar's headquarters is in Plano, Texas, and Rockstar has identified several potential witnesses who work at its Plano office.

Google employees from northern California would face substantial costs in traveling to the Eastern District of Texas for trial. However, if the court were to transfer this case, roughly equivalent costs would be imposed on Rockstar's witnesses, and also (potentially) some Samsung witnesses. Samsung witnesses located in Korea, by contrast, will be subjected to substantial costs in either venue.

Transferring this case would, at best, merely redistribute the inconvenience of travel among the parties; at worst, a transfer might substantially increase the cost of attendance for

willing witnesses. *Cf. Thomas Swan & Co., Ltd. v. Finisar Corp.*, 2014 WL 47343, No. 2:13-cv-178-JRG (E.D. Tex. Jan. 6, 2014). Having considered the evidence, the Court finds that this factor weighs slightly against transfer.

### 4. Other Practical Problems

In this case, where multiple and parallel litigations in two different jurisdictions are possible, considerations of judicial economy bear heavily upon the Court's transfer analysis. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

Google argues that its suit against Rockstar in California presents identical issues among identical parties, and that the Court should stay or transfer this litigation under the first-filed rule. It also argues that, even if this litigation is the first-filed (because of Rockstar's October complaint against Samsung and subsequent addition of Google as a defendant), the Court should stay or transfer this case because Rockstar's Texas suits are essentially "customer suits," whose major issues will be resolved in the California declaratory judgment action.

The Court need not resolve the formalistic question of whether Rockstar's October complaint makes this suit the first-filed case.  The decision to stay or transfer a case is contextual and multifaceted, and the Court may give weight to considerations beyond the simple race to the courthouse. *See Micron Tech.,* 518 F.3d at 904. This is particularly so in this case, where the merits of the "first filed" designation are by no means clear. The considerations of judicial economy that underlie the general first-filed rule, in this case, weigh against a transfer or stay.

First, the Court notes that there are six Rockstar litigations currently proceeding in the Eastern District of Texas, each suit alleging violations of the same patents. The Court has already consolidated these cases for all pre-trial purposes except venue (Dkt. No. 51). These cases will present common issues of claim construction and damages, and (most likely) validity. Moreover,

now that Google is a party to this litigation, Google will have every opportunity to participate fully in these proceedings.[1] Considerations of judicial economy weigh strongly in favor of consolidating all cases on these patents in the Eastern District of Texas, if possible.

Second, the Court does not expect the current California litigation to dispose of key issues in this case and the related Rockstar cases. *See Spread Spectrum Screening LLC v. Eastman Kodak*, 657 F/3d 1349, 1358 (Fed. Cir. 2011). Though the patents-in-suit in the Texas cases are the same, the suits' accused products are importantly different. Though each of the accused products uses some version of Android, a product driven primarily by Google, each defendant mobile phone manufacturer modifies and customizes the Android system to its own particular purposes (Dkt. Nos. 63-6, 63-11). It is by no means clear, then, that resolving infringement issues as to Android *proper* will resolve issues relating to other manufacturers' various *implementations* of the Android system.

The Texas actions also present issues relating to each phone manufacturer's devices and hardware, which the California litigation does not. One of the patents-in-suit claims only hardware (Dkt. No. 63-10). Rockstar alleges that the other patents-in-suit cover the interaction of the parties' Android implementations with hardware (Dkt. No. 61, at 4). Thus, only if the patents are *invalidated* completely in the California court will major issues in the Texas cases be resolved.

The Court finds that this factor weighs heavily against transfer. This factor also weighs against a stay of proceedings.

C.  Public Interest Factors

---

[1] An Order of this Court to be released contemporaneously grants Rockstar leave to amend its complaint to assert all seven patents-in-suit against Google.

*1. Local Interest*

Google argues that "[t]he Northern District of California has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley" (Dkt. No. 52, at 15) (quoting *Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 2013 WL 5508122, No. 1:12-cv-557-RC (E.D. Tex. Sept. 18, 2013). The Court has previously been highly skeptical of arguments that a particular jurisdiction has a "local interest" that amounts to a bias in its jury pool.   *See Ingeniador*, 2014 WL 105106, at *3-4. A predisposition toward one party, independent of the merits of the case, cannot be the kind of "local interest" cognized by the federal rules, and this Court gives this consideration no weight in its analysis. Also, the products here accused are so ubiquitous throughout the nation that no single community can establish an exceptional link that rightly makes any venue preferable to any other. The Court finds that this factor is neutral.

*2. Other Public Interest Factors*

Both parties agree that other public interest factors are neutral. The Court sees no reason to disagree with this conclusion.

**IV.    CONCLUSION**

The Court finds that a stay of proceedings would not serve the interests of justice, because major issues in this case and other pending cases will likely remain even after the California litigation is resolved. The Court also finds that the Northern District of California is not clearly a more convenient venue for this case.

Having considered the matter carefully, the Court finds that Defendants' motion (Dkt. No. 52) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 1st day of July, 2014.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE